TOMAS C. LEON
(CA SBN 321117)
tommie@leon.law
(909) 616-5969
LEON LAW, LLP
1145 W. 55th Street
Los Angeles, CA 90037
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASTRO SMOKE SHOP INC d/b/a ASTRO SMOKE AND VAPE SHOP and MAHA ABDELHADY,<br><br>Defendants, | No. 8:23-cv-00759-FWS-KES<br><br>**MOTION FOR DEFAULT FINAL JUDGMENT AGAINST ALL DEFENDANTS**<br>Date: August 10, 2023<br>Time: 10:00 a.m.<br>Location: 411 W. 4th Street, Courtroom 10D, Santa Ana, CA 92701<br>Date Action Filed: June 27, 2023 |

Pursuant to Federal Rule 55(b)(2), the Plaintiff, GS HOLISTIC, LLC, moves this Court for entry of default judgment against Defendants, ASTRO SMOKE SHOP INC d/b/a ASTRO SMOKE AND VAPE SHOP and MAHA ABDELHADY, in this action. The Defendants were served with the summons and Complaint but failed to file an answer or otherwise defend in this lawsuit. The Plaintiff now requests that this Court enter the attached proposed Default Judgment and Order for Other Equitable Relief, and Civil Money Penalties ("Default Judgment"). The Default

1

Judgment award includes Statutory Damages of $150,000, and Costs in the amount of $1,135.75 to be imposed against the Defendants.

## I. PRELIMINARY STATEMENT

As a result of Defendants' failure to appear in this action and the subsequent entry of default against them, the material factual allegations set forth in the Plaintiff's Complaint must be accepted as true. Those allegations establish all of the necessary elements of the Plaintiff's claims for (i) willful trademark infringement of the Stündenglass trademarks in violation of 15 U.S.C. §§ 1114; (ii) trademark counterfeiting of the Stündenglass trademarks in violation of 15 U.S.C. §§ 1116(d); and (iii) willful trademark infringement (false designation) in violation of 15 U.S.C. § 1125(a).

On the facts presented, it is also appropriate for the Court to grant the Plaintiff all relief requested in this motion, namely:

    a.    Statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) in the amount of $150,000 ($50,000 per mark); and

    b.    Costs in the amount of $1,135.75.

In sum, the Plaintiff seeks an award of statutory damages for Defendants' willful conduct, and an award of the Plaintiff's costs.

## II. STATEMENT OF FACT

   a. <u>The "STÜNDENGLASS" Trademarks and Plaintiff's Business</u>.

For approximately two years, the Plaintiff has worked to distinguish the Stündenglass brand as the premier manufacturer of glass infusers by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior smoking experience. Compl. ¶ 9. Stündenglass branded products embody a painstaking attention to detail, which is evident in many facets of authentic Stündenglass branded products. Compl. ¶ 9. It is precisely because of the unyielding quest for quality and unsurpassed innovation that Stündenglass branded products have a significant following and appreciation amongst consumers in the United States and internationally. Compl. ¶ 9.

As a result of the continuous and extensive use of the trademark "STÜNDENGLASS," GS was granted both valid and subsisting federal statutory and common law rights to the Stündenglass trademark. Compl. ¶ 10

The Plaintiff has used the Stündenglass Marks in commerce throughout the United States, continuously, since 2020, in connection with the manufacturing of glass infusers and accessories. Compl. ¶ 13.

The Stündenglass Marks are distinctive to both the consuming public and the Plaintiff's trade. GS's Stündenglass branded products are made from superior materials. The superiority of Stündenglass branded products is not only readily apparent to consumers, but to industry professionals as well. Compl. ¶ 14.

The Stündenglass Trademarks are exclusive to GS and appear clearly on GS's Stündenglass Products, as well as on the packaging and advertisements related to the products. Compl. ¶ 15. GS has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting these Trademarks. Compl. ¶ 15. As a result, products bearing GS's Stündenglass Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from GS. Compl. ¶ 15.

GS's Stündenglass Products have become some of the most popular of their kind in the world and have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative designs. Compl. ¶ 16. Because of these and other factors, the GS brand, the Stündenglass brand, and GS's Stündenglass Trademarks are famous throughout the United States. Compl. ¶ 16.

Since 2020, GS has worked to build significant goodwill in the Stündenglass brand in the United States. GS has spent substantial time, money, and effort in developing consumer recognition and awareness of the Stündenglass brand, via point of purchase materials, displays, through their websites, attending industry trade shows, and through social media promotion. Compl. ¶ 17.

In fact, the Stündenglass Products have been praised and recognized by numerous online publications, as well as publications directed to the general public. Compl. ¶ 18.

At the time of this Complaint, the Plaintiff was the owner of federally

registered and common law trademarks. The following is a list of the Stündenglass trademarks:

  a. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.

  b. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

  c. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

  b**.** <u>The Stündenglass marks are Counterfeiting Target</u>.

GS sells its products under the Stündenglass Marks to authorized stores in the United States, including in California. GS has approximately 3,000 authorized stores in the United States selling its products. As such, Stündenglass branded products reach a vast array of consumers throughout the country. Compl. ¶ 20.

It is because of the recognized quality and innovation associated with the Stündenglass Marks that consumers are willing to pay higher prices for genuine Stündenglass products. For example, a Stündenglass brand glass infuser is priced at $599.95, while a non-Stündenglass branded product is also being sold for up to $600, with a range of $199 to $600. Compl. ¶ 21.

<u>Defendants' Infringing Conduct and Failure to Litigate</u>.

The Defendants have engaged in continuous and systematic business in

California and derive substantial revenue from commercial activities in California. Specifically, the Defendants have engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit Stündenglass branded glass infusers and related parts. Compl. ¶ 6.

The Defendants have sold goods with marks allegedly with Trademarks registered to the Plaintiff. Compl. ¶ 25-26. The Defendants' acts constitute willful trademark infringement. Compl. ¶ 43. The Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by the Defendants. Compl. ¶ 42-43.

The Defendants have failed to respond to the Complaint or otherwise appear in this action.

### III. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against properly served Defendants who fail to file a timely responsive pleading. By such a default, all of the Plaintiff's well-pled allegations in the Complaint are deemed admitted. *See Assurance Co. of Am. v. MDF Framing, Inc.*, 2008 U.S. Dist. LEXIS 9865, at *7 (9th Cir. 2008). "A party's default conclusively establishes that party's liability although it does not establish the amount of damages" *Dillard v. Victoria M. Morton Enters.*, 2011 U.S. Dist. LEXIS 11134 at *13 (9th Cir. 2011). In determining damages, an evidentiary hearing is not required,

instead, the Court may rely on the declarations submitted by the Plaintiff. *See Philip Morris U.S.A. Inc. v. Castworld Prods.*, 219 F.R.D. 494 (9th Cir. 2003) at *498.

IV. **ARGUMENT**

    a. <u>A Default Judgment Should Be Awarded Against the Defendants</u>.

The relevant factors which courts may consider when entering default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (*citing 6 Moore's Federal Practice* para. 55-05[2], at 55-24 to 55-26). The Plaintiff filed its Complaint on May 1, 2023 [DE 1]. Plaintiff's Complaint highlights clear and detailed evidence which would be sufficient to seek relief based on trademark infringement of its Stundenglass marks had the case been adjudicated on the merits. Defendants, in failing to respond to the Complaint or otherwise appear in this instant action, have chosen not to contest any of the claims and underlying facts provided for in the pleadings. Defendants' complete absence in this case indicates a lack of excusable neglect, and without a default judgment, Plaintiff cannot continue to litigate this case on the merits. As such, if default judgment is not granted, the Plaintiff will be left

with no recourse for its injuries to its reputation and business caused by the Defendants' illegal counterfeiting activities. Such an outcome would be unfairly prejudicial to the Plaintiff. As such, the factors set forth in *Eitel* weigh in favor of entering default judgment, and this Court should grant this motion and enter a default judgment against the Defendants.

      b. <u>Plaintiff is Entitled to Statutory Damages</u>.

To prevail on a trademark infringement claim under 15 U.S.C. § 1114, a Plaintiff must prove that a Defendant used, without the consent of the registrant, "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." The Plaintiff must demonstrate "(1) that it had prior rights to the mark at issue and (2) that the Defendants had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." As stated in *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175 at *1178 (9th Cir. 1988) "A claim of federal trademark infringement may be brought against any person who shall, without consent of the holder of the registered trademark: use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . ." The Court in *136 Collins Ave. v. V.*, 2006 U.S. Dist. LEXIS 113130 at *6 (9th Cir. 2006) refers to the eight factor test first

8

established by the Ninth Circuit Court in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (abrogated in part on other grounds by *Mattel, Inc. v. Walking Mountain Prod*., 353 F.3d 792 (9th Cir. 2003)) To determine whether a "likelihood of confusion" exists between the parties allegedly related services. The eight-factor test includes: strength of the mark; relatedness of the goods or services; similarity of the marks; evidence of actual confusion; marketing channels used; the degree of care likely to be exercised by the purchaser; defendant's intent in selecting the mark; and likelihood of expansion into other markets.

The Plaintiff is the owner of the Stündenglass Trademarks and these are exclusive to the Plaintiff. The Defendants do not have the Plaintiff's consent to sell products that are not genuine Stündenglass goods. The Plaintiff has been damaged by Defendants' acts because those acts were committed with the intent to trade on the goodwill of the Stündenglass Marks, cause confusion and deception in the marketplace, and divert potential sales of the Plaintiff's vaporizers to the Defendants. As for the Defendants' sale of counterfeiting goods, the Plaintiff specifically points to three (3) of the Plaintiff's marks: (1) U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011, (2)U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034, and (3) U.S. Trademark Registration Number 6,174,291 for

the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

The Plaintiff further alleges that the Defendants have sold in commerce Counterfeit Goods using reproductions, counterfeits, copies and/or colorable imitations of Stündenglass Marks. In fact, the Defendants did sell a glass infuser with three (3) fake Stündenglass Marks, which is in fact a counterfeit product. The glass infuser, which donned the alleged Trademarks, was sold for a profit in the ordinary stream of commerce. The Defendants used images and names identical to or confusingly similar to the Stündenglass Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Marks. The Defendants' use of the Stündenglass Marks includes importing, advertising, displaying, distributing, selling, and/or offering for sale unauthorized copies of Stündenglass branded products. The Defendants' offering to sell, selling, importing and encouraging others to import Counterfeit Goods bearing the Infringing Marks in this manner was and is likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods.

The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Moreover, it constitutes false designation of origin which is likely to cause confusion and mistake as it will deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by the Plaintiff. As a result, the elements described by the court have

been satisfied and statutory damages must be awarded.

The Lanham Act, 15 U.S.C. § 1117(c), provides, in pertinent part:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of —(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or(2) <u>if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.</u> (Emphasis added)

"A plaintiff who proves a violation of a registered trademark is entitled to recover its profits and any damages sustained. 15 U.S.C. § 1117(a). According to 15 U.S.C. § 1117(b), "in a case involving use of a counterfeit mark . . . the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater. . . .""" See *Mophie, I*nc. *v. Shah*, 2015 U.S. Dist. LEXIS 186868 (C.D. Cal. Feb. 9, 2015). Because the Defendants have refused to cooperate, as indicated through the failure to obtain counsel, and continue the litigation, it is not possible for the Plaintiff to establish exact damages with certainty. While the Defendants probably have not sold millions of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit,

11

and likely traded in more.

While actual damages to the Plaintiff may not be calculated with exact certainly, an assessment of damages has been completed by Plaintiff, GS HOLISTIC, LLC. *See* Folkerts Aff. as to Value of Damages; *see also* Folkerts Aff. as to Damages. GS HOLISTIC, LLC Owner, Chris Folkerts, states that the Plaintiff is seeking only a fraction of the actual losses to its business and that damages of $150,000.00 are reasonable since the actual damages to the business are far in excess of this amount. Folkerts Aff. as to Value of Damages ¶¶ 8,9, 15.

Further, in *Weaver v. Burger King Corp. (In re Weaver)*, 219 B.R. 890 (9th Cir. 1998), the Court states, "the case law of this Circuit makes clear that courts are vested with considerable equitable discretion in determining measure of damages for trademark infringement." *See Ramada Inns, Inc. v. Gadsden Motel Co.*, the Eleventh Circuit Court of Appeals held:

> 'Great latitude is given the trial judge in awarding damages, and his judgment will not be set aside unless the award is clearly inadequate.' *Drake v. E.I. DuPont de Nemours and Company*, 432 F.2d 276, 279 (5th Cir.1970). This is especially true of an award fashioned pursuant to the Lanham Act which expressly confers upon district judges wide discretion in determining a just amount of recovery for trademark infringement. *See* 15 U.S.C. § 1117.

804 F.2d 1562, 1564-65 (11th Cir. 1986) (quoting *Holiday Inns, Inc. v. Alberding*, 683 F.2d 931 (5th Cir.1982)). Based on the discretion this Court is given in Lanham Act cases such as this, the damages assessment of GS HOLISTIC, LLC, an award

of $150,000.00 ($50,000 per Mark) is the appropriate amount of statutory damages that is well within the discretion of the Court to award. This amount not only reflects actual damages suffered by the Plaintiff, but also sends an unequivocal message to the industry that counterfeiting will not be tolerated, nor will misrepresentations or otherwise refusing to cooperate with discovery demands (even if informally presented). Here, the Defendants have infringed on three of the Plaintiff's trademarks with the Registration Numbers 6,633,884, 6,174,292 and 6,174,291, justifying $150,000.00 in statutory damages.

    c. <u>Plaintiff is Entitled to Costs of the Litigation</u>.

Pursuant to 15 U.S.C. § 1117, the Plaintiff is entitled to recover the costs of the action. *See* 15 U.S.C. § 1117. The Plaintiff requests that this Court award costs in the total amount of $1,135.75 consisting of the filing fee ($402.00), the process server fee ($130.00), and Plaintiff's investigation fees ($603.75). *See* Aff. Supp. Final Default J. ¶ 6.

    d. <u>Plaintiff is Entitled to Injunctive Relief</u>

By the reasons explained in Plaintiff's Complaint and pursuant to 15 U.S.C. § 1116, the Plaintiff is entitled to injunctive relief. The Plaintiff requests that this Court enter an order which permanently enjoins ASTRO SMOKE SHOP INC d/b/a ASTRO SMOKE AND VAPE SHOP and MAHA ABDELHADY, and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

(a) Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit Stündenglass product identified in the complaint and any other unauthorized Stündenglass product, counterfeit, copy or colorful imitation thereof;

(b) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

### e. Plaintiff is Entitled to Destruction of Infringing Products

Pursuant to 15 U.S.C. §1118, the Plaintiff requests that this Court grant an order requiring the Defendants, at their cost, deliver to the Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass Marks.

## V. CONCLUSION

Given the foregoing, this Court should grant Plaintiffs' motion in its entirety.

*/s/ Tomas Carlos Leon*
Tomas Carlos Leon
CA Bar #321117
Leon Law LLP
1145 W. 55th Street
Los Angeles, California 90037
tommie@leon.law
*Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 27, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ Tomas Carlos Leon*
Tomas Carlos Leon